NO. 07-02-0184-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 29, 2002

_____

ARIE SHALEV,

                                        Appellant

v.

THE STATE OF TEXAS

                                        Appellee

_____

FROM THE COUNTY CRIMINAL COURT AT LAW #13 OF HARRIS COUNTY;

NO. 1058728; HON. MARK ATKINSON, PRESIDING

_____

Before BOYD, QUINN, and REAVIS, JJ.

Arie Shalev (appellant) appeals his conviction for driving while intoxicated. Both the clerk's and court reporter's records were filed by April 1, 2002. Thus, appellant's brief was due on May 1, 2002. However, one was not filed on that date. By letter dated May 13, 2002, we notified appellant's counsel, Mike Monks, of the expired deadline and directed him to respond to our notification of same by Thursday, May 23, 2002, or the appeal would be abated to the trial court pursuant to TEX. R. APP. P. 38.8. May 23, 2002 passed without any response by counsel to our notice, without counsel tendering a brief, and without counsel filing a motion for extension of time to file a brief.

Consequently, we abate this appeal and remand the cause to the County Criminal Court at Law No. 13 of Harris County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent; and,

3. whether appellant has been denied the effective assistance of counsel due to counsel's failure to timely file a brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed. 2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal, is indigent, and was denied effective assistance of counsel, then we further direct the court to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed: 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's

2

record to be filed with the clerk of this court on or before June 28, 2002. Should additional time be needed to perform these tasks, the trial court may request same on or before June 28, 2002.

It is so ordered.

Per Curiam

Do not publish.